# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Crim. No. 11-0641 (RBK) |
| v. | : |
| | : **OPINION** |
| WILLIAM GRAULICH, IV, | : |
| | : |
| Defendant. | : |

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

On May 18, 2012, this Court entered judgment in this criminal matter after Defendant pled guilty to one count of conspiracy to commit wire fraud. Defendant received a sentence of seventy months imprisonment. Defendant appealed and the United States Court of Appeals for the Third Circuit affirmed. *See United States v. Graulich*, 524 F. App'x 802 (3d Cir. 2013).

As Defendant's criminal matter was progressing, Defendant was also a defendant in a civil action brought against him by the Securities and Exchange Commission in this District Court before United States District Judge William J. Martini. (*See* Civ. No. 09-4355.) On January 13, 2014, Defendant filed in that civil action a document requesting "the District Court to appoint council [sic] in order to file a 2255 motion." (*See* Civ. No. 09-4355 Dkt. No. 82.) On January 29, 2104, Judge Martini ordered the Clerk to *nunc pro tunc* file Defendant's request to appoint counsel as this Court handled Defendant's criminal proceedings and would have jurisdiction over a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

As indicated above, Defendant seeks the appointment of counsel so that he can pursue a motion under § 2255. Defendant does not have a constitutional right to counsel his pursuing his motion to vacate, set aside or correct his sentence under § 2255. *See Reese v. Fulcomer*, 946

1

F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by*, 28 U.S.C. § 2254(d); *United States v. Connolly*, Crim. No. 07-575, 2010 WL 3271768, at *1 (D.N.J. Aug. 16, 2010) (citations omitted). However, 18 U.S.C. § 3006(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

Defendant has not demonstrated to the Court that the interests of justice warrant appointing counsel for his anticipated but not yet filed § 2255 motion. Defendant states no grounds on which he will challenge his conviction/sentence. Thus, this Court has no basis to conclude that Defendant's § 2255 motion will present complex factual and legal issues or that such a yet to be filed motion presents nonfrivolous claims. Furthermore, this Court has no basis to believe otherwise that Defendant would be capable of representing himself in pursuing a possible § 2255 motion. Therefore, Defendant's request for the appointment of counsel will be denied without prejudice and an appropriate order will be entered.


DATED: February 10, 2014

                                                                          s/Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge